DENNIS *v.* BINZ.

5-1910                                             328 S. W. 2d 85

Opinion delivered October 12, 1959.

*Robert C. Downie* and *Thomas E. Downie,* for appellant.

*No brief filed for appellee.*

SAM ROBINSON, Associate J u s t i c e .   On May 23, 1958, appellant, Robert C. Dennis, through a real estate agent, Roy T. Morrison, employed by appellees, made an offer of $9,000 to purchase a residence  in Little Rock from appellees, Mr. and Mrs. J. A. Binz. The offer was made on a standard Arkansas Real Estate Association "Offer and Acceptance" form and was accompanied by $100 earnest money.  Appellant's wife was not a party to the offer.   According to the written instrument and subsequent testimony, appellant's offer was conditioned on his being able to finance a loan for the entire purchase price other than the down payment.   This offer was not accepted by appellees, and a few days later Morrison marked through the figure "$9,000" and above it wrote in "$10,000".  Although the testimony is in conflict, evidently the lower court found this change was made with the consent of appellant.   Appellees accepted this altered offer   by signing the form in the space provided.

Some days later, appellant, accompanied by Morrison, furnished First Federal Savings & Loan Association of Little Rock pertinent information about both himself and his wife, which the Savings & Loan Association was to use in an application for an F.H.A. commitment to insure the proposed loan.   Later when the application was approved, appellant (without his wife) and Morrison went to the Savings & Loan Association office to close the transaction.   Upon finding that the purchase price was $10,000, that the loan was in the amount of $9,500 (the down payment being $500), and that the payments would be some $15 a month more than he originally thought, appellant refused to sign the necessary papers to close the loan.  Appellees filed suit for specific performance of the contract,

which was granted by the lower court; hence this appeal.

Appellant argues that the offer was conditioned upon his being able to finance the loan; that his wife would not join in the loan or mortgage and therefore it would be impossible for him to perform the contract. The testimony of appellant's wife is to the effect that she was not a party to the offer and would not execute the required papers to purchase the property. Mr. H. C. Johnston of the Savings & Loan Association testified that it is very doubtful if they would make the loan if appellant's wife did not sign the mortgage; that the purchase price is three times appellant's income and that his wife's income certainly would have a bearing on approval of the loan; that the joint income of appellant and his wife is sufficient to justify the loan. Miss Myrtice Patterson, Assistant Loan Officer of First Federal, testified that it is necessary for appellant's wife to sign the final papers in order to complete the transaction; that the base pay of the wife was shown on the application and was considered by F. H. A.

We long ago held that specific performance would not lie where performance is impossible. *Hemphill* v. *Miller*, 16 Ark. 271; *Shields* v. *Trammell*, 19 Ark. 51. Equity will not decree the performance of an act which requires the assent or action of a third person where it does not appear that the third person will give the required assent or performance. Williston on Contracts, Vol. 5, § 1422, p. 3973.

Compliance with the requirements of this decree rests solely within the will of a third person not a party to the contract. Appellant would find it impossible to obey the decree. It would be of no avail to decree specific performance when such performance would be impossible.

The decree is reversed, and the cause dismissed.